U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JAN - 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| PETER ROY ALFRED, JR. | CIVIL ACTION NO. 03-703 |
| VS. | SECTION P |
| ALLEN CORRECTIONAL CENTER, ET AL | JUDGE MINALDI |
| | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Currently before the court is a Motion for Annulment of Judgment [Doc. 98], filed by *pro se* plaintiff Peter Alfred on December 7, 2007. By this motion, plaintiff is requesting that this court vacate the judgment [Doc. 72] that granted defendants' summary judgment and dismissed plaintiff's case. Along with vacating the judgment, plaintiff requests that this matter be reopened and placed back on the court's docket. As the basis for the motion, plaintiff claims that his medical problems rendered him incompetent to properly litigate his case. The judgment dismissing this case was signed by the court on February 15, 2005, and the case was then closed.

Since that time, plaintiff has filed a myriad of documents attempting to, in effect, reopen this matter. Namely, he has filed a Motion to Not Dismiss Defendants [Doc. 73] and an appeal [Doc. 80] of the court's order denying same; a Motion to Appeal [Doc. 93] requesting that his appeal be reconsidered; a Motion for Trial and to be Present for Oral Arguments [Doc. 94]; and, a Motion for Judgment and Compensation for Pain and Suffering [Doc. 95]. Plaintiff has not been granted the relief sought through the above motions, and this matter remains closed.

Additionally, Alfred has filed four other civil rights suits in the Western District.[1] In at least two of those cases, *Alfred v. Winn Correctional Center, et al*, 07-1785, and *Alfred v. Public Safety & Corrections, et al*, 07-986, plaintiff claims that his civil rights have been violated due to the failure of the defendants to provide him with a CPAP breathing machine. That claim forms the basis of plaintiff's underlying suit herein.

As with the other motions that plaintiff has filed in this matter subsequent to its closure, plaintiff is not entitled to the relief he seeks through his Motion for Annulment of Judgment. This type of relief would stem from either Federal Rule of Civil Procedure (Fed. R. Civ. P.) 56 New Trials; Amendment of Judgments) or Fed. R. Civ. P. 60 (Relief From Judgment or Order). Any request for relief pursuant to Rule 59 must be made by motion filed no later than 10 days after entry of the judgment. In this case, the judgment at issue was signed and entered into the record in February 2005. The time for seeking such relief has long since passed.

Rule 60 allows for relief from judgment in the event of and as follows:

> (a) Clerical Mistakes
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or

---

[1] See *Alfred v. Public Safety & Corrections, et al*, 07-986; *Alfred v. Winn Correctional Center, et al*, 07-1785; *Alfred v. Forcht Wade Correctional Center, et al*, 07-2098; and, *Alfred v. LSU Health Science Center, et al*, 07-2099.

> extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

It is clear that plaintiff's request for relief does not fall under (a) Clerical Mistakes. Nor does it fall within the parameters of section (b) detailed above. Even assuming, for argument sake only, that plaintiff's request could conceivably come within (1), (2), or (3) above, plaintiff would still not be entitled to relief as the time limit for making such a claim is not more than one year after the judgment was entered. Again, judgment in this matter was entered in February 2005, and plaintiff did not file the current motion until December 7, 2007. Even under the broadest justification prescribed in Rule 60, namely "any other reason justifying relief from the operation of the judgment," plaintiff is not entitled to relief. Specifically, he waited two years from the date of judgment to file the present motion. Under the circumstances in this matter, the two year time span is anything but reasonable, especially given the fact that subsequent to the closing of this matter in February 2005, plaintiff has filed numerous documents herein, spanning 2005, 2006, and 2007. It can hardly be said that his alleged incapacity in any way hindered his ability to pursue his claims.

For the above stated reasons, plaintiff's Motion for Annulment of Judgment [Doc. 98] is

denied.

Lake Charles, Louisiana, this \_\_\_3\_\_ day of. January, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE